UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                           )<br>)<br>DALE E. MATHENY          )<br>)<br>     Defendant.              )<br>) | CRIMINAL NO.<br><br>Violations: 26 U.S.C. § 7203 (Failure to File Return)<br>26 U.S.C. § 7206(1) (False Returns)<br><br>**04**CR **1 0 2 1 3** WGY |

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1.    Defendant DALE E. MATHENY ("MATHENY") was an individual who resided at 21 Congress Street, Pembroke, Massachusetts.

2.    MATHENY owned and operated a business known as Dale's Professional Painting Service (hereafter, "Dale's Painting"). Dale's Painting provided interior and exterior painting services to residential homeowners as well as to commercial builders and developers. MATHENY operated Dale's Painting as a sole proprietorship out of his home in Pembroke, Massachusetts.

3.    Clients of Dale's Painting paid MATHENY by check for the services that his business rendered to them. Such payments constituted business receipts of Dale's Painting.

4.    Dale's Painting generated more than $100,000 in gross business receipts in each of the years 1997 and 1998. It generated more than $200,000 in gross business receipts in 1999. It generated more than $300,000 in gross business receipts in 2000.

5.    MATHENY took most of the receipts of his business to South Boston Check

Cashers ("SBCC") and cashed them for fees ranging up to 2.75% of the face amount of each

check. MATHENY cashed approximately $120,395 in client checks at SBCC in 1997, $128,080

in 1998, $149,501 in 1999, and $206,196 in 2000.

6. MATHENY cashed other client checks at the banks on which the checks were

drawn.

Failure to File Personal Return for 1997

7. MATHENY received income from the operations of Dale's Painting in each of

the years 1997, 1998, 1999 and 2000. The amount of gross income that MATHENY received in

each of these years exceeded the minimum amount necessary to trigger a legal obligation on his

part to file an individual income tax return with the Internal Revenue Service.

8. Notwithstanding his receipt of such income, MATHENY did not timely file a tax

return with the Internal Revenue Service for the year 1997. He reported none of his income. He

paid no taxes on it.

False Returns for 1998 and 1999

9. On or about January 24, 2001, MATHENY filed with the Director, Internal

Revenue Service at Andover, Massachusetts two delinquent U.S. Individual Income Tax Returns,

one for the year 1998 and the second for the year 1999. MATHENY signed written declarations

in connection with both returns verifying that the returns were made under the penalties of

perjury.

10. MATHENY failed to disclose on either his 1998 or 1999 returns that he was

engaged in the operation of a business activity: to wit, Dale's Painting, from which he derived

gross receipts or sales and incurred deductions.

2

11.    On his 1998 return, MATHENY reported W-2 wages of approximately $6,600 stemming from his employment at Power Electro Supply Company. MATHENY reported none of the gross receipts or sales that he received in connection with his ownership and operation of Dale's Painting in 1998.

12.    On his 1999 return, MATHENY reported W-2 wages of approximately $55,500 stemming from his employment at Power Electro Supply Company. MATHENY reported none of the gross receipts or sales that he received in connection with his ownership and operation of Dale's Painting in 1999.

False Return for 2000

13.    On or about April 15, 2001, MATHENY filed with the Director, Internal Revenue Service at Andover, Massachusetts a U.S. Individual Income Tax Return for the year 2000. MATHENY signed a written declaration in connection with the return verifying that the return was made under the penalties of perjury.

14.    On his 2000 return, MATHENY reported W-2 wages of approximately $112,600 stemming from his employment at Power Electro Supply Company. MATHENY also filed a Schedule C relating to his ownership and operation of Dale's Painting. On his Schedule C, MATHENY reported that Dale's Painting had gross receipts of $77,065; expenses of $80,604, and a net loss of $3,539 for the year.

15.    The gross receipts and the net income (loss) figures that MATHENY reported for Dale's Painting on his Schedule C for 2000 were false. MATHENY disclosed only payments that he had received from four clients who had transmitted to the Internal Revenue Service Forms 1099-Misc. reporting the payments that they had made to him. MATHENY received over

3

$270,000 in additional receipts from other clients of Dale's Painting during the year 2000.

MATHENY did not report any of these additional gross receipts on the Schedule C that he filed

for 2000.

16.    The total amount of the gross business receipts that MATHENY received in

connection with his ownership and operation of Dale's Painting during the years 1997 - 2000 but

that he did not report to the IRS was in excess of $750,000.

17.    Through the foregoing conduct, including his failure to report the gross business

receipts that he received in connection with his ownership and operation of Dale's Painting,

MATHENY did willfully make, subscribe and file with the Internal Revenue Service false and

fraudulent U.S. Individual Income Tax Returns for each of the calendar years 1998, 1999 and

2000.

## COUNT ONE

### (Failure to File Return – 1997:  26 U.S.C. § 7203)

18.    The United States Attorney re-alleges and incorporates by reference paragraphs 1

- 17 of this Information and further charges that:

19.    During the calendar year 1997, the defendant DALE E. MATHENY, a resident of

Pembroke, Massachusetts, had and received  gross income equal to or exceeding the approximate

sum set forth below; that by reason of such gross income he was required by law, following the

close of the calendar year, and on or before the filing date listed below, to make an income tax

return to the Director, Internal Revenue Service Center, at Andover, Massachusetts, in the

District of Massachusetts, or to the District Director of the Internal Revenue Service at Boston,

Massachusetts, or other proper officer of the United States, stating specifically the items of his

4

gross income and any deductions and credits to which he was entitled; that well-knowing and

believing all of the foregoing, he did willfully fail to make an income tax return to said Director

of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service,

or to any other proper officer of the United States, as listed below:

| Count | Year | Filing Date | Gross Income |
|-------|------|-------------|--------------|
| 1 | 1997 | 4/15/98 | $131,619.88 |

All in violation of Title 26, United States Code, Section 7203.

## COUNTS TWO and THREE

### (False and Fraudulent Returns - 1998 and 1999:  26 U.S.C. § 7206(1))

20.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-

17 of this Information and further charges that:

21.     On or about the dates set forth below, in the District of Massachusetts, the

defendant DALE E. MATHENY, a resident of Pembroke, Massachusetts, did willfully make and

subscribe joint U.S. Individual Income Tax Returns for the calendar years 1998 and 1999 that

were verified by written declarations that they were made under the penalties of perjury and were

filed with the Director, Internal Revenue Service at Andover, Massachusetts, which said income

tax returns MATHENY did not believe to be true and correct as to every material matter in that

the said returns failed to disclose that he was engaged in the operation of a business activity: to

wit, Dale's Painting, and failed to report the gross business receipts or sales that MATHENY

derived from said activity, whereas, as MATHENY then and there well knew and believed, he

was required by law and regulation to disclose the operation of this business activity, and he had

in fact received and was required to report on his returns the gross business receipts he derived

therefrom, as set forth in the following table:

| Count | Year | Filing Date | Unreported Gross Business Receipts |
|-------|------|-------------|-----------------------------------|
| 2 | 1998 | 1/24/01 | $150,760.00 |
| 3 | 1999 | 1/24/01 | $211,758.07 |

All in violation of Title 26, United States Code, Section 7206(1).


## COUNT FOUR

### (False and Fraudulent Return - 2000:  26 U.S.C. § 7206(1))

22.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-

17 of this Information and further charges that:

23.     On or about the date set forth below, in the District of Massachusetts, the

defendant DALE E. MATHENY, a resident of Pembroke, Massachusetts, did willfully make and

subscribe a joint U.S. Individual Income Tax Return for the calendar year 2000 that was verified

by a written declaration that it was made under the penalties of perjury and was filed with the

Director, Internal Revenue Service at Andover, Massachusetts, which said income tax return

MATHENY did not believe to be true and correct as to every material matter in that the said

return failed fully to disclose or report all of the gross business receipts or sales that MATHENY

received in connection with his ownership and operation of Dale's Painting, whereas, as

6

MATHENY then and there well knew and believed, he had in fact received and was required to

report on his return said business receipts as set forth in the following table:

| Count | Year | Filing Date | Unreported Gross Business Receipts |
|-------|------|-------------|-----------------------------------|
| 4 | 2000 | 4/15/01 | $270,696.00 |

All in violation of Title 26, United States Code, Section 7206(1).

MICHAEL J. SULLIVAN
United States Attorney

By: _____

Michael J. Pineault
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210

Dated: July 20, 2004