UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-10213-WGY |
| ) | |
| DALE E. MATHENY ) | |
| ) | |
| Defendant ) | |

## JOINT STIPULATIONS RE: SENTENCING TRIAL

The parties jointly stipulate to the following facts in connection with the sentencing trial scheduled for December 20, 2004 in the above matter.

1.  At all times material to the Information, the defendant Dale E. Matheny ("Matheny") owned and operated a business known as Dale's Professional Painting Service (hereafter, "Dale's Painting").  Matheny operated his business as a sole proprietorship out of his home at 21 Congress Street, Pembroke, MA.

2.  Clients of Dale's Painting generally paid Matheny by check.  Matheny cashed many of these checks at South Boston Check Cashers ("SBCC").  He cashed the remaining checks at the banks on which they were drawn, or deposited them into an account at Abington Savings Bank held in the name of his mother.  The following chart sets forth the manner of disposition for the business receipts that Matheny received during the period 1997 - 2000:

| | 1997 | 1998 | 1999 | 2000 | Total |
|---|---|---|---|---|---|
| Business Receipts Cashed at SBCC | $120,395.00 | $128,080.00 | $149,501.00 | $206,196.00 | $604,172.00 |
| Receipts Deposited at Abington Savings Bank | | | $15,720.00 | $20,200.00 | |
| Additional Receipts | $11,224.88 | $22,680.00 | $46,537.07 | $121,365.00 | |
| **Total Business Receipts** | **$131,619.88** | **$150,760.00** | **$211,758.07** | **$347,761.00** | **$841,898.95** |

3. Matheny did not report or pay taxes on any of the receipts generated by his business in 1997, 1998 or 1999. Matheny filed no federal tax return at all for 1997. He filed Form 1040 U.S. Individual Income Tax Returns for 1998 and 1999 but did not disclose the existence of his painting business on either return.

4. Matheny filed a Form 1040 for 2000 on which he reported his painting business for the first time as a Schedule C sole proprietorship. On the Schedule C, Matheny reported gross receipts of $77,065. He did not disclose any other receipts of his business.

5. The following chart sets forth the total amount of gross, reported, and unreported business receipts that Matheny received in connection with his ownership and operation of Dale's Painting during the years 1997 - 2000:

|  | 1997 | 1998 | 1999 | 2000 | Total |
|---|---|---|---|---|---|
| Total Business Receipts | $131,619.88 | $150,760.00 | $211,758.07 | $347,761.00 | $841,898.95 |
| Gross Receipts Reported on Schedule C |  |  |  | $77,065.00 |  |
| **Total Unreported Gross Receipts** | **$131,619.88** | **$150,760.00** | **$211,758.07** | **$270,696.00** | **$764,833.95** |

6. Matheny incurred expenses in connection with his operation of Dale's Painting. The United States has verified the following allowable business expenses for the years 1997 - 2000:

|  | 1997 | 1998 | 1999 | 2000 | Total |
|---|---|---|---|---|---|
| Allowable Business Expenses | $118,517.82 | $145,690.75 | $200,265.28 | $306,803.84 | $771,277.69 |
| Business Expenses Previously Reported on Schedule C |  |  |  | $80,604.00 | $80,604.00 |
| Total Unreported and Allowable Business Expenses | $118,517.82 | $145,690.75 | $200,265.28 | $226,199.84 | $690,673.69 |

7.    Matheny asserts that he incurred additional allowable business expenses during the years at issue, in excess of those listed in the foregoing chart. Attached at Exhibit 1 are spreadsheets itemizing the additional expenses sought by Matheny.  The United States disagrees with Matheny over the latter items.

Taxes Due and Owing on Unreported Business Income

8.    Notwithstanding their dispute over the deductability of the additional expenses claimed by Matheny on Exhibit 1, the parties stipulate and agree that the taxes due and owing by Matheny on his unreported business income for the years 1997 through 2000 fall in the range between $23,500 and $40,000 pursuant to United States Sentencing Guideline § 2T4.1(G) (November, 2000 Manual).  Per the government's computations, which disallow the additional claimed expenses listed on Exhibit 1, the taxes owed by Matheny on his unreported income fall at the high end of that range.  Per the defendant's computations, which deduct the disputed expenses, the taxes fall at the low end of the range.  Under both sets of computations, however, the taxes due and owing on Matheny's unreported business income fall between $23,500 and $40,000.  Thus, for purposes of determining the appropriate Guidelines sentence, the parties agree that the Court need not resolve the disputed expense items listed on Exhibit 1.

Additional Disputed Tax Issues

9.    The two sentencing issues in dispute between the parties are (a) whether any or all of the painters utilized by Matheny constitute employees or independent contractors for purposes of federal employment and unemployment tax purposes and, if the court finds that any or all do constitute employees, then (b) whether Matheny's mis-classification of any or all of the painters rises to the level of a knowing and willful violation of 26 U.S.C. § 7202 so as to constitute

relevant criminal conduct. If the Court finds that all of the painters constitute employees and that Matheny's mis-classification constitutes relevant criminal conduct, the tax loss associated with Matheny's conduct would be elevated to the range between $70,000 and $120,000. If the Court finds that the painters do not constitute employees, the tax loss is in the range from $23,500 to $40,000. If the Court finds that the painters do constitute employees, but finds that Matheny's mis-classification does not constitute relevant criminal conduct, the tax loss remains in the range from $23,500 to $40,000.

                                        Respectfully submitted,

| | |
|---|---|
| DALE E. MATHENY | MICHAEL J. SULLIVAN |
| By his attorney, | United States Attorney |
| **/s/ Douglas A. Fleming** | **/s/ Michael J. Pineault** |
| Douglas A. Fleming, Esq.<br>268 Summer Street, Third Floor<br>Boston, MA 02210 | Michael J. Pineault<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>U.S. Courthouse, Suite 9200<br>1 Courthouse Way<br>Boston, MA 02210 |

Dated: December 17, 2004