UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 04-10213-WGY |
| | ) |
| DALE E. MATHENY | ) |
| | ) |
| Defendant | ) |

DEFENDANT'S MEMORANDUM OF LAW

The Defendant Dale E. Matheny respectfully submits this Memorandum of Law in connection with the sentencing trial scheduled for December 20, 2004 in the above matter.

I.  Procedural Setting

On November 9, 2004 the Defendant Dale E. Matheny pled guilty to a four-count Information charging him with Failure to File a Tax Return, in violation of 26 U.S.C. § 7203 (Count 1 - Taxable Year 1997) and Filing False and Fraudulent Tax Returns, in violation of 26 U.S.C. §7206(1) (Counts 2 - 4 - Taxable Years 1998, 1999 and 2000).

The parties have stipulated that the income tax loss for taxable years 1997 through 2000 falls in the range between $23,500 and $40,000 pursuant to United States Sentencing Guidelines §2T4.1(G) (November, 2000 Manual). In addition to the income tax loss, the Government asserts that the Defendant owes FICA taxes in connection with his painting business. The Government did not charge the Defendant with a violation of 26 U.S.C. §7202 (willful failure to collect or pay over tax), but now seeks to prove that Defendant violated this statute and that such violation constitutes relevant conduct for sentencing purposes pursuant to United States Sentencing Guidelines §1B1.3. The Government seeks to elevate the tax loss (income taxes and FICA taxes) to the range between

$70,000 and $120,000 pursuant to United States Sentencing Guidelines §2T4.1(H).

The Defendant operated a painting business during taxable years 1997 through 2000. In connection with that business, the Defendant utilized the services of at least eighteen different persons as painters. These persons were paid in cash and FICA taxes were not withheld. The Defendant treated these painters as independent contractors. The Government asserts that every single painter utilized by the Defendant from 1997 through 2000 were employees for federal employment and unemployment tax purposes, and as such the Defendant had an obligation to withhold FICA taxes and deposit them with the Internal Revenue Service.

II. <u>Government's Burden of Proof</u>

In order to prove a FICA tax loss that constitutes relevant criminal conduct, the Government must prove beyond a reasonable doubt that all of the following three factors are true:

1. All eighteen painters utilized by the Defendant were employees for federal employment and unemployment tax purposes;

2. That the United States Treasury experienced an actual tax loss as a result of Defendant's classification of the painters as independent contractors; and

3. That Defendant's classification of the painters as independent contractors was the result of a knowing and willful violation of 26 U.S.C. §7202 so as to constitute relevant criminal conduct.

III. <u>Employee versus Independent Contractor</u>

Whether the employer-employee relationship exists in a particular situation is a factual question. <u>Air Terminal Cab, Inc. v. United States</u>, 478 F. 2d 575 (8th Cir. 1973); <u>Professional & Executive Leasing, Inc. v. Commissioner</u>, 89 T.C. 225, 232 (1987), affd. 862 F. 2d 751 (9th Cir.

1988). Common law rules are applied to determine whether an individual is an employee. <u>Nationwide Mut. Ins. Co. v. Darden</u> 503 U.S. 318, 322, 112 S. Ct. 1344, 1348 (1992); <u>Simpson v. Commissioner</u>, 64 T.C. 974, 984 (1975). Those factors include, but are not limited to, whether the worker makes his services available to the general public, whether the worker has been provided with training and whether the worker is guaranteed minimum salary. No one factor dictates the outcome. All facts and circumstances of each case must be looked at. <u>Azad v. United States</u>, 388 F 2d 74, 76 (8th Cir. 1968); <u>Professional & Executive Leasing, Inc. v. Commissioner</u>, supra at 232; <u>Simpson v. Commissioner</u>, supra at 985; <u>Gamal-Elden v. Commissioner</u>, T.C. Memo. 1988-150, affd. without published opinion 876 F. 2d 896 (9th Cir. 1989).

(a)  <u>Worker Mis-Classification is Commonplace</u>

The issue of whether a worker is an employee or independent contractor for employment tax purposes is a common issue in state and federal tax controversies. The United States Congress has enacted numerous statutes which provide relief to employers for civil and criminal penalties for improperly classifying workers as independent contractors. The existence of laws such as §530 of the Revenue Act of 1978; 26 U.S.C. §3509; 26 U.S.C. §§7215 and 7512 and 26 U.S.C. §7436 is a recognition of the wide-spread confusion surrounding worker classification and employment tax payment and reporting.

IV.  <u>Relevant Criminal Conduct</u>

Relevant conduct pursuant to United States Sentencing Guidelines § 2T1.1 and §1B1.3 means relevant criminal conduct. <u>United States v. Wesley and Daniel</u>, 956 F. 2d 540, 544 (6th Cir. 1992). The Government must prove beyond a reasonable doubt that Defendant knowingly and willfully violated 26 U.S.C. §7202 in connection with each painter and for each of the years 1997

through 2000. Willfulness is essential element of the crime of failure to pay income taxes. Willfulness requires the existence of specific wrongful intent at the time the crime charged was committed. Mere laxity, careless disregard of duty imposed by law, or even gross negligence, unattended by "evil motive" are not probative of "willfulness." United States v. Palermo, 259 F. 2d 873 (3rd Cir. 1958). To establish willfulness, the Government must prove beyond a reasonable doubt that at the time the payment was due, the taxpayer possessed sufficient funds to enable him to meet his obligation or that lack of sufficient funds on such date was created by, or was the result of, a voluntary and intentional act without justification in view of all the financial circumstances of the taxpayer. United States v. Poll, 521 F. 2d 329 (9th Cir. 1975).

V.  Tax Loss

The Government must prove beyond a reasonable doubt that the United States Treasury has experienced an actual tax loss. The Government's assertion that there is a tax loss associated with its relevant conduct argument necessarily requires a finding that each painter did not pay self-employment tax on the income earned from the Defendant. The FICA tax obligation asserted by the Government would be paid in full in the event that the painters paid their self-employment tax. Relevant criminal conduct in a tax case requires proof of an actual tax loss.

VI.  Conclusion

Based on the foregoing, it is respectfully submitted that the Government cannot meet its burden of proof that: (1) the painters constituted employees for federal employment tax purposes for all of 1997, 1998, 1999 and 2000; (2) that the Defendant willfully mis-classified the painters as independent contractors; and (3) that the United States Treasury experienced an actual tax loss as a result of Defendant's conduct.

Respectfully submitted,

DALE E. MATHENY

By his attorney,

Douglas A. Fleming
Douglas A. Fleming, P.C.
268 Summer Street,
Boston, MA 02210
(617) 350-7770

Dated: December 20, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand:

Michael J. Pineault, Esq.
Assistant U.S. Attorney
United States Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

This 20th day of December, 2004

Douglas A. Fleming, Esq.